UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD THOMAS ANTHONY,

        Petitioner,         Case Number: 2:11-CV-11568

v.        HONORABLE STEPHEN J. MURPHY, III

J.S. WALTON,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

        This is a habeas case filed under 28 U.S.C. § 2241. Richard Thomas Anthony was a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan") at the time he instituted this action. In his petition, Anthony challenges the computation of his federal sentence, arguing that time spent in state custody should have been credited towards his federal sentence. Respondent J.S. Walton initially filed an answer to the petition contending that it should be denied. Walton has since notified the Court that Anthony was released from federal custody on April 12, 2012, and asserts that the petition should be denied as moot. The Court dismisses the petition for writ of habeas corpus.

**I. Background**

        In September 2001, Anthony was sentenced by the United States District Court for the Western District of Michigan to 92-months in prison and 3 years supervised release for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 13, 2009, while serving his term of supervised release (and while on parole with the State of

Michigan), Anthony was arrested for possession with intent to distribute less than 50 grams of cocaine and possession of marijuana. On March 18, 2009, the United States District Court for the Western District of Michigan issued a warrant for Anthony's arrest for violating the conditions of his supervised release. On July 16, 2009, Anthony was returned to the custody of the Michigan Department of Corrections having been sentenced to 1 to 15 years in prison. On July 15, 2010, Anthony was paroled from his state sentence to the custody of the United States Marshals Service.

On August 11, 2010, the United States District Court for the Western District of Michigan, sentenced Anthony to 24 months in prison for violations of his supervised release, to run consecutively to his Michigan state sentence.

When Anthony realized his expected release date did not afford him credit for time served from March 13, 2009 through July 15, 2010, he filed administrative remedy requests and appeals to the Warden, Regional Director, and Central Office. All of Anthony's attempts to resolve his dispute with the BOP through administrative channels were fruitless.

Anthony then filed the pending habeas petition challenging the BOP's failure to credit him with time served for the time he was incarcerated by the Michigan Department of Corrections. Respondent Walton filed a response in opposition to the petition, and then, recently, a Suggestion of Mootness, arguing that Anthony's release from prison renders his petition moot.

## II. Discussion

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout

the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998). "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal quotations omitted).

Walton argues that the petition is now moot because Anthony was released from custody on April 12, 2012, and is not serving a term of supervised release. A habeas petitioner's release from custody generally does not moot his pending habeas petition, because courts presume that collateral consequences flow from a criminal conviction even after a petitioner is released having satisfied the sentence. *Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998). *See also Gentry v. Deuth,* 456 F.3d 687, 694-95 (6th Cir. 2006). Where the petitioner challenges only his sentence rather than his conviction, however, the petitioner's release from custody moots his habeas petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982). "Nullification of a conviction may have important benefits for a defendant, . . . but urging in a habeas corpus proceeding the correction of a sentence already served is

another matter." *Rice*, 404 U.S. at 248. Here, Anthony has completed his sentence and been discharged from custody. He has not shown that he suffers continuing collateral consequences from the discharged sentence.[1] *C.f. Reynolds v. Thomas*, 603 F.3d 1144, 1148 (7th Cir. 2010) ("A challenge to a term of imprisonment is not mooted by a petitioner's release where the petitioner remains on supervised release and there is a possibility that [petitioner] could receive a reduction in his term of supervised release.") (internal quotation omitted).

Because Petitioner's sentence has been completed and he has been discharged from custody, any injury that Petitioner suffered cannot be redressed by a favorable judicial decision from this Court. Petitioner's claims have thus been rendered moot and the Court lacks jurisdiction to address them.

### III. Conclusion

The Court finds that the petition no longer presents a justiciable case or controversy. **WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** and Anthony's motion for summary judgment (docket no.9) is **DENIED** as moot.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 31, 2012

---

[1] Claims that a discharged sentence (rather than a conviction) may be detrimental in a future parole or sentencing proceeding, used against a petitioner as a defendant in a future criminal proceeding, or that dismissal of a habeas petition may preclude the filing of a civil rights lawsuit under § 1983 do not constitute sufficient proof of collateral consequences to satisfy the justiciable case or controversy requirement. *Spencer*, 523 U.S. at 14-16.

4

**11-11568 Anthony v. Walton**
**Opinion Order and Dismissing Petition for Writ of Habeas Corpus**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2012 by electronic and/or ordinary mail.

                                          Julie Owens
                                          Case Manager